IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD BLOUNT,

    Petitioner,                    No. CIV S-12-0863 CKD P

    vs.

CDCR BOARD OF PAROLE HEARINGS,

    Respondent.                  ORDER

_____/

        Petitioner is an inmate at the Sacramento County Jail proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner claims that his federal due process rights were violated when the California Board of Parole Hearings ordered him to attend a certified batterer's program as a condition of parole. (Dkt. No. 1 (Pet.) at 6, 17.) Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c).

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        From the instant petition and court records in another case filed by petitioner – Blount v. Board of Prison Hearings, No. CIV-S-11-1580 MCE EFB (E.D. Cal.), in which

findings and recommendations are pending[1] – the court draws the following background facts:

In 2008, petitioner was sentenced to a four-year term for assault with a deadly weapon, terrorist threats, and stalking. In April 2011, he was paroled from state prison on the condition that he participate in treatment by the Department of Mental Health pursuant to California Penal Code section 2962. Petitioner was paroled to Atascadero as an MDO. However, in August 2011, it was determined that petitioner did not meet the criteria for an MDO, and he was released to parole in the community. (Pet. at 1, 17; see also No. CIV S-11-1580 MCE EFB, Dkt. No. 1 (Petition); Dkt. No. 12 (summarizing factual and procedural history).)

Petitioner is currently housed at Sacramento County Jail, presumably due to a violation of his parole terms. Attached to the petition is his Notice and Conditions of Parole dated April 27, 2011, which includes the following term: "You shall enroll in and complete a certified batterer's program. Enrollment shall occur within 30 days of your first contact with a parole agent." (Pet. at 17.) Petitioner claims that the Board violated his federal constitutional rights by "giving [him] a 52 week batterer's program" when "they have no documented history ... of myself battering anyone" in violation of the California Penal Code. (Pet. at 6.)

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and attached exhibit that petitioner is not entitled to federal habeas relief.

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is

---

[1] A court may take judicial notice of "matters of public record." MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

unavailable for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972). "So long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violations of state statutes are matters of state concern." Makal v. Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976).

In challenging parole terms imposed pursuant to state law (see Pet. at 17, citing Board of Parole Hearing Rules sections 2512 and 2513; and California Penal Code section 3060.5), petitioner has not raised a claim upon which federal habeas relief may be granted. Thus the petition will be summarily dismissed pursuant to Rule 4.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner's application to proceed in forma pauperis is granted; and

2. This petition is summarily dismissed.

Dated: April 27, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
blou0863.Rule4